**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**


| | |
|---|---|
| **JAMES M. BRANDON,** | Case No. 1:19-cv-01923-GHW |
| **Plaintiff,** | <u>**JURY TRIAL DEMANDED**</u> |
| **v.** | |
| **NPG RECORDS, INC.; NPG MUSIC PUBLISHING, LLC; THE ESTATE OF PRINCE ROGERS NELSON; COMERICA BANK & TRUST, N.A.; SHELTON JACKSON LEE; FORTY ACRES AND A MULE MUSICWORKS, INC.; TWENTIETH CENTURY FOX FILM CORPORATION,** | |
| **Defendants.** | |

_____


**PLAINTIFF'S AMENDED MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE
<u>ALTERNATIVE, TRANSFER VENUE</u>**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTS .................................................................................................................................... 1

ARGUMENT ........................................................................................................................... 3

I.   Venue is Proper in New York ......................................................................................... 3

  A.  A Substantial Part of Plaintiff's Claim Arose in the Southern District of New York ...... 3

  B.  Spike Lee and Forty Acres Are residents of This District and Fox Film May Be Found in This District ........................................................................................................... 5

      1.  Fox Film Is Amenable to Services of Process under the Laws of New York ............ 6

          a.  Section 301 ................................................................................................... 6
          b.  Section 302(a)(1) .......................................................................................... 7

      2.  Exercising Jurisdiction over Fox Film Would not Violate Principles of Due Process 8

  C.  Judicial Estoppel Does Not Apply .............................................................................. 9

II.  Transfer of This Case to the Southern District of Florida Is Not Appropriate Because Venue Is Not Proper in That District .............................................................................. 11

  A.  Convenience of Witnesses ......................................................................................... 12

  B.  Convenience of the Parties ........................................................................................ 13

  C.  Locus of Operative Facts ........................................................................................... 13

  D.  Location of Documents and Other Evidence ................................................................ 14

  E.  Witnesses within the Subpoena Power of This Court .................................................... 15

  F.  The Requested Transferee Court's Familiarity with the Applicable Law ....................... 15

  G.  Relevant Financial Means of the Parties ..................................................................... 15

  H.  Plaintiff's Choice of Forum ........................................................................................ 15

III. Trial Efficiency and General Interests of Justice ............................................................. 16

CONCLUSION ........................................................................................................................ 16

i

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*AEC One Stop Grp., Inc. v. CD Listening Bar, Inc.*,
    326 F. Supp. 2d 525 (S.D.N.Y. 2004) ...........................................................................12, 15

*Boreal Laser, Inc. v. Coherent, Inc.*,
    1992 U.S. Dist. LEXIS 276 (S.D.N.Y. 1992) ........................................................................14

*Calder v. Jones*,
    465 U.S. 783 (1984)...................................................................................................................9

*Cavu Releasing, LLC. v. Fries*,
    419 F. Supp. 2d 388 (S.D.N.Y. 2005) ......................................................................................5

*Cent. Sports Army Club v. Arena Assocs., Inc.*,
    952 F. Supp. 181 (S.D.N.Y. 1997).........................................................................................15

*Chew v. Dietrich*,
    143 F.3d 24 (2d Cir. 1998).........................................................................................................9

*CutCo Indus., Inc. v. Naughton*,
    806 F.2d 361 (2d Cir. 1986).......................................................................................................8

*Daniel v. Am. Bd. of Emergency Med.*,
    428 F.3d 408 (2d Cir. 2005).......................................................................................................3

*Duffey v. Twentieth Century Fox Film Corp.*,
    14 F. Supp. 3d 120 (S.D.N.Y. 2014).......................................................................................13

*ESPN, Inc. v. Quiksilver, Inc.*,
    581 F. Supp. 2d 542 (S.D.N.Y. 2008) ....................................................................................14

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
    499 U.S. 340, 111 S. Ct. 1282, 113 L.Ed.2d 358 (1991).........................................................4

*Freeplay Music, Inc. v. Cox Radio, Inc.*,
    2005 U.S.Dist. LEXIS 12397 (S.D.N.Y. 2005).......................................................................7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    131 S. Ct. 2846 (2011)...............................................................................................................8

*Gucci Am., Inc. v. Weixing Li*,
    768 F.3d 122 (2d Cir. 2014).......................................................................................................6

*Gulf Ins. Co. v. Glasbrenner*,
   417 F.3d 353 (2d Cir. 2005)...................................................................3

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*,
   763 F.2d 33 (2d Cir. 1985)...................................................................7

*Intellivision v. Microsoft Corp.*,
   484 F. App'x 616 (2d Cir. 2012)..........................................................10

*Int'l Shoe Co. v. Wash.*,
   326 U.S. 310 (1945)...............................................................................8

*Jorgensen v. Epic/Sony Records*,
   351 F.3d 46 (2d Cir. 2003)....................................................................4

*Kwik Goal, Ltd. v. Youth Sports Publ'g, Inc.*,
   No. 06 CIV.395(HB), 2006 WL 1517598 (S.D.N.Y. 2006)................13

*Leahey v. SP Ctr., LLC*,
   579 B.R. 13 (S.D.N.Y. 2017).................................................................10

*Lewis v. Madej*,
   2015 WL 6442255 (S.D.N.Y. 2015).......................................................9

*Linzer v. EMI Blackwood Music, Inc.*,
   904 F. Supp. 207 (S.D.N.Y. 1995)........................................................6

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*,
   84 F.3d 560 (2d Cir. 1996)....................................................................6

*Murray v. Bd. of Educ. of City of New York*,
   248 B.R. 484 (S.D.N.Y. 2000)..............................................................10

*Nat'l Hockey League v. Hockey Cup LLC*,
   No. 18CV6597(DLC), 2019 WL 130576 (S.D.N.Y. 2019).................4

*Neufeld v. Neufeld*,
   910 F. Supp. 977 (S.D.N.Y. 1996)........................................................3

*New Hampshire v. Maine*,
   532 U.S. 742, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001)..................10

*PDK Labs. v. Friedlander*,
   103 F.3d 1005 (2d Cir. 2001)................................................................6

*Price v. Fox Entm't Grp., Inc.,*
    No. 05 CIV.5259 SAS, 2007 WL 241389 (S.D.N.Y. 2007)....................................13

*Simon v. Safelite Glass Corp.,*
    128 F.3d 68 (2d Cir. 1997)..............................................................................10

*Sonera Holding B.V. v. Cukurova Holding A.S.,*
    750 F.3d 221 (2d Cir. 2014)...........................................................................6, 8

*Starr Indem. & Liab. Co. v. Brightstar Corp.,*
    324 F. Supp. 3d 421 (S.D.N.Y. 2018) .............................................................15

*Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.,*
    No. 01 CIV. 3016 (AGS) (HB, 2002 WL 1835439) (S.D.N.Y. 2002) ....................13

*Warner Bros Entertainment Inc. v. Ideal World Direct,*
    516 F. Supp. 2d 261 (S.D.N.Y. 2007) ...............................................................6

## FEDERAL RULES

Fed. R. Civ. P. 12(b)(3)...................................................................................1

## FEDERAL STATUTES

17 U.S.C. § 501...............................................................................................1

28 U.S.C. § 1391(b)......................................................................................3, 5

28 U.S.C. § 1391(b)(2) .................................................................................3, 5

28 U.S.C. § 1391(c).........................................................................................5

28 U.S.C. § 1400(a) ......................................................................................3, 5

28 U.S.C. § 1404.........................................................................................1, 11

## NEW YORK STATUTES

NYCPLR § 301.............................................................................................6, 7

NYCPLR  § 302(a)(1)....................................................................................7, 8

## PRELIMINARY STATEMENT

Plaintiff James Brandon submits this amended memorandum of law in opposition to Defendants Shelton Jackson "Spike" Lee ("Spike Lee"), Forty Acres And A Mule Musicworks, Inc. ("Forty Acres"), and Twentieth Century Fox Film Corporation's ("Fox Film") (collectively, the "Defendants" herein) motion to dismiss for improper venue pursuant to Federal Rules of Civil Procedure 12(b)(3), or, alternatively, to transfer venue to the Southern District of Florida pursuant to 28 U.S.C. § 1404.

On February 28, 2019, Plaintiff filed a complaint in this Court against Defendants, alleging violations of the Copyright Act under 17 U.S.C. § 501 et seq. Spike Lee is a resident of New York, and Forty Acres is a New York corporation, currently dissolved under New York law. Fox Film is a Delaware corporation which conducts substantial business transactions in the state of New York. Defendants are subject to this venue because they either reside or may be found in this district under 28 U.S.C. § 1400(a). Other than solely relying on the legal argument that Judge Williams of the Southern District of Florida is familiar with a prior related case, Defendants provide no factual support for any jurisdictional nexus to the Southern District of Florida to establish that venue is proper in that district. Accordingly, this Court should dismiss Defendants' motion to dismiss for improper venue and their motion to transfer venue in entirety.

## FACTS[1]

Plaintiff was the manager of the musical group GOMAB. (Compl. ¶ 14.) The group created and performed the musical work GOMAB DEMO : PT. 1. (*Id*.) The song melody, lyrics, and arrangement known as "Phone Sex" (the "Music") was a track in GOMAB DEMO : PT. 1, which

---

[1] For purposes of focusing on only pertinent legal issues at hand and promoting judicial economy, Plaintiff is not responding to Defendants' unsupported and irrelevant statements about Plaintiff's alleged activities in Barbados or Miami.

was originally created in 1993, and the GOMAB DEMO : PT. 1 album was completed in 1994. (*Id*. ¶ 15.) GOMAB DEMO : PT. 1 was registered with the Copyright Office in 1995 by two members of the group GOMAB, and Plaintiff was assigned all rights in the Music in 2013. (*Id*. ¶¶ 22, 28.)  In 1994, Plaintiff had a meeting with Clarence Lee, Defendant Spike Lee's uncle. (*Id*. ¶ 16-17). Clarence Lee called Spike Lee to talk about Plaintiff's musical group and the Music. (*Id*.). Spike Lee showed interest in the Music and requested Clarence Lee to forward the Music to Lisa Jackson at Defendant Forty Acres's office in New York. (*Id*. ¶ 18-19). Pursuant to his request, Plaintiff left the Music's demo with Clarence Lee to be forwarded, and the Music was sent to Defendants Spike Lee and Forty Acres. (*Id*. ¶ 19-20). Both Spike Lee and Forty Acres reside in Brooklyn, New York. (Ludwig Decl. Exh. A; *see generally* Compl. ¶¶ 11, 12.) Spike Lee then approached Prince Nelson and asked him to use the Music in creating the soundtrack for his to-be-released film Girl 6. (Ludwig Decl. Exh. B).

Prince Nelson and Defendant Forty Acres prepared a derivative work based upon the Music in the form of melody and sound recording (collectively "Girl 6 Song") and registered it with the Copyright Office in 1996. (Compl. ¶¶ 23, 25.)  Incorporating the similar song created based upon the Music, Defendant Spike Lee also prepared a derivative work in the form of motion picture ("Girl 6 Motion Picture"), and the work was registered with the Copyright Office in the same year. (*Id*. ¶ 24.; Ludwig Decl. Exh. C)  Defendant Fox Film entered into contracts with a third party entity in the state of New York and licensed to the entity the rights to play the song, sound recording, and motion picture which all incorporate Plaintiff's Music. (*See* Ludwig Decl. Exh. D; *see* Compl. ¶ 37.) Moreover, the derivative soundtrack work is currently being sold and offered for sale in the state of New York. (Ludwig Decl. Exh. E).

## ARGUMENT

**I.      Venue is Proper in New York**

28 U.S.C. § 1391(b) provides, in general, that "a civil action may be brought in . . . a judicial district in which a substantial part of the events giving rise to the claim occurred." 28 U.S.C. § 1391(b). With respect to civil actions relating to copyrights specifically, 28 U.S.C. § 1400(a) provides the actions "may be instituted in the district in which the defendant . . . resides or may be found." 28 U.S.C. § 1400(a). A plaintiff confronted with a motion to dismiss improper venue may rely on pleadings and affidavits to oppose the motion. *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005). In such case, Plaintiff only need to make a *prima facie* showing of venue. *Id*.

**A.  A Substantial Part of Plaintiff's Claim Arose in the Southern District of New York**

To establish a proper venue under 28 U.S.C. § 1391(b)(2), it is not required the judicial district have the most substantial contacts to the dispute; rather it is sufficient that a substantial part of the events occurred [here], even if a greater part of the events occurred elsewhere." *Neufeld v. Neufeld*, 910 F. Supp. 977, 986 (S.D.N.Y. 1996). When a plaintiff relies on § 1391(b)(2) to overcome a venue challenge, a two-part inquiry is appropriate. *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005). First, a court must "identify the nature of the claims and the acts that the plaintiff alleges give rise to those claims. *Id*. Second, it must determine if a substantial part of those acts took place in the chosen venue. *Id*. Defendants correctly point out that in order for venue to be proper, significant events material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere. (Defs' Mot. Dismiss ¶ 8 (citing *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005)). However, Defendants inaccurately state the facts to which the cited law is to be applied.

3

Defendants allege that Plaintiff's Complaint failed to establish any relevant events occurred within the Southern District of New York. (*Id.*) Surprisingly, Defendants then admit in their motion that Defendants Spike Lee and Forty Acres are residents of New York, and Plaintiff's Music was forwarded to Lisa Jackson, Spike Lee's sound coordinator, who was also in New York. (Defs' Mot. Dismiss ¶ 9) The nature of Plaintiff's claim in this case is copyright infringement and, to prove the infringement, plaintiff must show, *inter alia*, unauthorized copying of the copyrighted work. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L.Ed.2d 358 (1991). In satisfying the "unauthorized copying" prong, "a plaintiff may establish copying circumstantially by demonstrating that the person who composed the defendant's work had access to the copyrighted material." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003). Access means a potential infringer had a reasonable possibility of hearing the copyrighted work. *Id*. Here, the undisputed facts are that Spike Lee and Forty Acres are New York residents, and that the Defendants had access to Plaintiff's work as it was forwarded to Defendants' New York location.

These relevant and elemental facts establish that Defendants' unauthorized copying of Plaintiff's work took place, and thus are what gave rise to Plaintiff's copyright infringement claim in the first place. Indeed, when material acts within the forum bear a close nexus to the alleged claims, the acts are deemed 'significant' and, therefore, substantial. *Nat'l Hockey League v. Hockey Cup LLC*, No. 18CV6597(DLC), 2019 WL 130576, at *3 (S.D.N.Y. 2019). As such, Plaintiff's Complaint properly states that the acts and events which infer a close relationship between Defendants' access to Plaintiff's work and their infringement activities. Moreover, Defendants' infringement of Plaintiff's copyrighted work is continuing until now as the infringing products are offered for sale in the state of New York and currently shown in theaters in the Southern District

4

of New York. (Ludwig Decl. Exhs. D and E) As such, a substantial part of the acts and events giving rise to Plaintiff's copyright infringement claim took place in this judicial district, and thus venue here is proper under 28 U.S.C. § 1391(b)(2).

**B.  Spike Lee and Forty Acres Are residents of This District and Fox Film May Be Found in This District**

Not only do Plaintiff's Amended Complaint, the accompanying affidavit, and the exhibits to the affidavit satisfy the venue requirements under the general venue statute of 28 U.S.C. § 1391(b), they also provide a clear basis supporting venue in this judicial district under 28 U.S.C. § 1400(a), the venue statute specifically applicable to copyright-related actions. When a defendant either resides or may be found in the Southern District of New York, venue in the district is proper under § 1400(a). For all venue purposes, a natural person is deemed to reside in the district in which the person is domiciled, and an entity defendant resides in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c). Here, the records presented clearly indicate that Defendants Spike Lee and Forty Acres are residents of this judicial district. Because two of the three defendants who filed this Motion to Dismiss for Improper Venue reside in New York, NY, and the only remaining defendant, Fox Film, is a Delaware corporation, determining if the Southern District of New York is a proper venue turns upon whether Fox Film "may be found" in this judicial district within the meaning of § 1400(a). This Court has consistently held that a defendant may be found, for purposes of venue statute for copyright cause of action, wherever that person is amenable to personal jurisdiction. *Cavu Releasing, LLC. v. Fries*, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005); *see Linzer v. EMI Blackwood Music, Inc.*, 904 F. Supp. 207, 215 (S.D.N.Y. 1995).

When the Copyright Act does not specifically confer personal jurisdiction over defendants, a federal court applies the forum state's personal jurisdiction rules in a federal question case where

a defendant resides outside the forum state. *PDK Labs. v. Friedlander*, 103 F.3d 1005, 1108 (2d Cir. 2001). To determine whether the court has jurisdiction over the non-domiciliary defendant, the Second Circuit requires a two-part inquiry: (1) "the court must determine whether the plaintiff has shown that the defendant is amenable to service of process under the forum state's laws" and (2) "it must assess whether the court's assertion of jurisdiction under these laws [complies] with the requirements of due process." *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996); *see Warner Bros Entertainment Inc. v. Ideal World Direct*, 516 F. Supp. 2d 261, 265 (S.D.N.Y. 2007). Defendant Fox Film is amenable to service of process under the laws of New York and therefore is subject to personal jurisdiction; furthermore, exercising personal jurisdiction over Defendant Fox Film here would not offend the notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment.

### 1.    Fox Film Is Amenable to Services of Process under the Laws of New York

### a.    Section 301

New York extends general jurisdiction over non-domiciliaries under Section 301 of the New York Civil Practice Law and Rules ("C.P.L.R."). The Second Circuit has held that an entity must conduct business in New York continuously and systematically to be sufficiently "present" in New York and thus be subject to general jurisdiction of the state. *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014); *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 136 (2d Cir. 2014). Courts in New York have found the following traditional indicia determinative in concluding whether a foreign entity is "doing business" in New York: "(1) the existence of an office in New York; (2) the solicitation of business in New York; (3) the existence of . . . other property in New York; and (4) presence of employees of the foreign defendant in New

York." *Freeplay Music, Inc. v. Cox Radio, Inc.*, 2005 U.S.Dist. LEXIS 12397, at *7-8 (S.D.N.Y. 2005) (citing *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 33, 38 (2d Cir. 1985)).

In this case, Fox Film is a business entity registered with NYS Department of State and has physical presence in this state. The company is wholly owned and operated by Twenty-First Century Fox America, Inc. ("21st Century Fox"), and 21st Century Fox's headquarters in New York is home to Fox Film. (Ludwig Decl. Exhs. F and G) In addition, Fox Film solicits film distribution and production business through its headquarters in New York, and also has thousands of employees working in New York. *Id*. As such, Fox Film's "continuous and systematic" business activities in New York are more than sufficient to establish the *prima facie* showing that the company is subject to general jurisdiction in New York.

**b.      Section 302(a)(1)**

Even if Fox Film was not subject to general personal jurisdiction under Section 301 of C.P.L.R (which it is), Section 302(a)(1) of the long-arm statute still supports this Court's exercise of jurisdiction over Defendants. Section 302(a)(1) provides that a court may exercise personal jurisdiction over any non-domiciliary defendant when it "transacts any business within the state or contracts anywhere to supply goods or services in the state" and the cause of action stated in the complaint arises from such act. N.Y. C.P.L.R. § 302(a)(1). The Second Circuit has held that a non-domiciliary "transacts business under 302(a)(1) "when [it] purposefully avails [itself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of [New York laws]." *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986). Here, Fox Film entered into contracts with various motion picture theaters in New York, agreeing to show the infringing Girl 6 motion picture and perform the infringing Girl 6 music at those theater(s) located in New York. Indeed, Fox Film purposefully availed itself of the privilege of

conducting activities in New York because it completed transactions with entities in New York specifically targeting the movie-goers of New York. Moreover, its conduct constitutes continuing infringement of Plaintiff's copyrighted work, and Plaintiff's copyright infringement cause of action arose due to this conduct. Therefore, Fox Film engaged in business transactions and contracted to supply goods in this state, rendering the company to be subject to personal jurisdiction under Section 302(a)(1).

### 2. Exercising Jurisdiction over Fox Film Would Not Violate Principles of Due Process

It is well settled in the area of personal jurisdiction that the canonical standard remains *International Shoe*, in which the court held a state may authorize its courts to exercise personal jurisdiction over a foreign defendant when the defendant has certain minimum contacts with the state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014); *see Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). The Second Circuit has further elaborated on this:

To establish the minimum contacts necessary to justify specific jurisdiction, the plaintiff first must show that his claim arises out of or related to defendant's contacts with the forum state. The plaintiff must also show that the defendant purposefully availed himself of the privilege of doing business in the forum state and that the defendant could foresee being hauled into court there. *Chew v. Dietrich*, 143 F.3d 24, 28 (2d Cir. 1998).

When a defendant "expressly aimed" its actions at the forum state, the in-state effects of a foreign defendant's tortious conduct will satisfy the minimum contacts analysis. *Calder v. Jones*, 465 U.S. 783, 789-90 (1984) (when defendants "expressly aimed" "intentional, and allegedly

tortious actions" at California, they reasonably anticipated being hauled into court there). The commission of "some single or occasional acts" of such may be enough. *Lewis v. Madej*, 2015 WL 6442255, at *6 (S.D.N.Y. 2015). As mentioned previously, Defendant Fox Film engaged in unauthorized use of its infringing Girl 6 Motion picture and Girl 6 Song, and licensing of the rights to display the film and perform the song in theaters in New York. It is evident that this conduct by Fox Film was expressly targeted to the state of New York, and the in-state effects of that conduct have caused substantial and irreparable harm to Plaintiff. Moreover, a New York city newspaper company markets the infringing product by noting that the film is available at theaters in New York. (Ludwig Decl. Exh. D) Such marketing is closely related to the claims in Plaintiff's Amended Complaint to justify the exercise of personal jurisdiction. Therefore, this Court's exercising personal jurisdiction over Fox Film would comport with notions of fair play and substantial justice, and would not violate constitutional due process.

**C.  Judicial Estoppel Does Not Apply**

Defendants argue that venue is not proper in the Southern District of New York because Plaintiff previously alleged venue is proper in the Southern District of Florida and judicial estoppel allegedly prevents Plaintiff from taking a contrary position in this case. (Defs' Mot. Dismiss ¶ 12) In determining the applicability of the doctrine of judicial estoppel, courts look for the existence of three elements: "(1) that party's new position is "clearly inconsistent" with its earlier position, (2) that the party seeking to assert this new position *previously persuaded a court to accept its earlier position*, and (3) that the party "would derive an unfair advantage or impose an unfair determent on the opposing party if not estopped." *Intellivision v. Microsoft Corp.*, 484 F. App'x 616, 619 (2d Cir. 2012) (emphasis added). When determining the appropriateness of judicial estoppel, the Supreme Court focused on the doctrine's role of protecting the integrity of the judicial

9

process, and used the above three factors to make discretionary determination as to whether it is equitable to invoke the doctrine. *See generally New Hampshire v. Maine*, 532 U.S. 742, 121 S. Ct. 1808,149 L. Ed. 2d 968 (2001). The Second Circuit has taken the same position and noted that the purpose of the doctrine is to "protect judicial integrity by avoiding the risk of inconsistent results in two proceedings." *Simon v. Safelite Glass Corp.*, 128 F.3d 68, 71 (2d Cir. 1997).

With respect to the second prong in the above-referenced analysis, courts "inquire whether the party has succeeded in persuading a court to accept that [its] earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled." *New Hampshire v. Maine*, 532 U.S. at 750. Without success in a prior proceeding, a party's later inconsistent position poses no risk of inconsistent court determinations and introduces little threat to judicial integrity. *Id*. At 750-751. Moreover, when the first statement was the result of a good faith mistake or an unintentional error, there is no occasion for the application of judicial estoppel. *Simon v. Safelite Glass Corp.*, 128 F.3d at 73. Moreover, this Court has clearly held that that a defendant's "judicial estoppel defense cannot succeed, absent a showing that plaintiff acted in bad faith or with intent to mislead the Court." *Leahey v. SP Ctr., LLC*, 579 B.R. 13, 18 (S.D.N.Y. 2017); *see Murray v. Bd. Of Educ. Of City of New York*, 248 B.R. 484, 487 (S.D.N.Y. 2000).

Here, at no time did Plaintiff persuade the court in the Florida case to accept his earlier position that the venue in the Southern District of Florida is proper and the court never adjudicated on the issue of propriety of the venue in that case. Indeed, Defendants Forty Acres, Spike Lee, and Fox Film did not file any responsive pleading or raise any venue challenge to the Florida court, and thus the court did not have any opportunity to consider or resolve the venue issue in any way. As such, there was no reliance by the Florida court on Plaintiff's prior statement about the venue,

and the statement does not pose any threat to judicial integrity in this proceeding. Nor would Plaintiff derive any unfair advantage over Defendants in this case by alleging in this case that venue is proper in a district other than the Southern District of Florida, because none of the Defendants herein reside in the state of Florida, and there is no inconvenience to Defendants for not having to litigate the case in Florida (an inconvenient forum where venue is not proper). Moreover, Plaintiff's prior statement about the judicial district being a proper venue was at best an unintentional error that was neither made in bad faith or with intent to mislead this Court.

In summary, Plaintiff did not persuade the court in the prior case to adopt its first position that the Southern District of Florida is a proper venue, and nor did the court adopt or rely on such position in any manner. Plaintiff's first statement was the result of a good faith mistake, and not having to lay venue in the Southern District of Florida does not impose any unfair detriment on Defendants. For these reasons, Defendants cannot invoke judicial estoppel here.

## II.     Transfer of This Case to the Southern District of Florida Is Not Appropriate Because Venue Is Not Proper in That District

In the event the Court denies Defendants' motion to dismiss for improper venue, Defendants argue that this case should be transferred to the Southern District of Florida. Pursuant to 28 U.S.C. § 1404, a court may transfer a civil action to any other district where the case might have been brought, "for the convenience of parties and witnesses" and "in the interest of justice." In assessing the balance of convenience and the interests of justice with respect to transfer of venue, this Court considers the following factors: "(1) the convenience of witness; (2) the convenience of the parties; (3) the locus of operative facts; (4) the location of relevant documents and relative ease of access to sources of proof; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the forum's familiarity with governing law; (7) the relative financial means of the parties; (8) the weight afforded plaintiff's choice of forum; and (9) trial

efficiency and the interests of justice generally." *AEC One Stop Grp., Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 528 (S.D.N.Y. 2004). Defendants argue that because Plaintiff's counsel stated that Plaintiff resides in Florida, the statement constitutes Plaintiff's admission that the Southern District of Florida is where the witnesses and documents are likely to be found, the locus of operative facts occurred, and process can be used to compel unwilling witnesses. They fail to state any actual facts that would even vaguely infer how Plaintiff's alleged Florida residency is related to any of the factors considered in transfer of venue. Defendants' conclusory assertions are illogical and at best mere legal conclusions.

### A.    Convenience of Witnesses

Generally, the most important consideration in deciding a motion to transfer venue is the convenience of key party and non-party witnesses. *AEC One Stop*, 326 F. Supp. 2d at 529. The key witnesses in this case would likely be those who assembled content and produced the infringing Girl 6 Song and Girl 6 Motion Picture. In addition, Clarence Lee, whom Plaintiff originally forwarded his music demo to, would also likely be a key witness. Other key witnesses may be those who were involved in marketing of the works and those who entered into licensing agreements with respect to the works with third parties that own movie theaters in New York. The witnesses who can testify to the aforementioned are Forty Acre employees at the time, including but not limited to Lisa Jackson, and Fox Film's local employees in New York. They are likely to live and work in the Southern District of New York. It would create significant inconvenience to have them travel from New York to Florida. This factor weighs in favor of not transferring the case.

### B.    Convenience of the Parties

Two of the three Defendants joined in the Motion to Dismiss are residents of New York and the remaining Defendant, Fox Film, conducts a substantial amount of business transactions in this state. Defendant Fox Film has actually litigated cases in this district in the recent past. *See generally Duffey v. Twentieth Century Fox Film Corp.*, 14 F. Supp. 3d 120, 124 (S.D.N.Y. 2014); *see generally Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, No. 01 CIV. 3016(AGS)(HB, 2002 WL 1835439, at *1 (S.D.N.Y. 2002); *see also Price v. Fox Entm't Grp., Inc.*, No. 05 CIV.5259 SAS, 2007 WL 241389, at *1 (S.D.N.Y. 2007). On the other hand, no Defendant in this case resides or has principal place of business in the state of Florida. While Plaintiff is a Florida resident, he is an individual party who can travel across the country to New York without much burden when compared to several corporate Defendants in this case. These facts, taken together, are strongly against the transfer of this case to the Southern District of Florida.

### C.      Locus of Operative Facts

The operative facts in an infringement case usually concern, *inter alia*, the development and production of the accused content. *Kwik Goal, Ltd. v. Youth Sports Publ'g, Inc.*, No. 06 CIV.395(HB), 2006 WL 1517598, at *3 (S.D.N.Y. 2006). The infringing contents at issue in this case are musical work and motion picture. Girl 6 Song was created by Prince Nelson after Defendant Spike Lee, a New York resident, approached prince to use the music, allegedly created by Plaintiff, to create Girl 6 Song. In addition, Girl 6 Motion Picture was created by Defendants Forty Acres and Spike Lee, who reside in this judicial district. As previously noted, to prove infringement of Plaintiff's copyright, Plaintiff must establish that Defendants had access to his work and engaged in an unauthorized copying of it. Access means a potential infringer had a reasonable possibility of hearing the work, and the facts here show that Spike Lee and Forty Acres

13

had access to Plaintiff's musical work as it was forwarded to Defendants' New York location. These are operative facts of the copyright infringement case at hand because they not only concern how the infringing works were developed and produced, but also gave rise to Plaintiff's infringement claim in the first place. As all of them occurred in New York, this factor clearly favors the case remaining in this judicial district.

### D.      Location of Documents and Other Evidence

It is difficult at this stage of litigation to anticipate the type of volume of documents or evidence that will be requested and produced for this case. However, this Court has held in infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 549 (S.D.N.Y. 2008); *Boreal Laser, Inc. v. Coherent, Inc.*, 1992 U.S. Dist. LEXIS 276 at *5 (S.D.N.Y. 1992). Therefore, a majority of the documents, records, and electronical storage material that are relevant to Defendants' initial access to Plaintiff's copyright are likely located in the Southern District of New York. In addition, the documents and other evidence relevant to Plaintiff's continuing injury due to Defendants' unauthorized use of infringing works are likely to be found in this district as well. As such, this factor does not justify transfer.

### E.      Witnesses within the Subpoena Power of This Court

Neither party has identified any third-party witness over whom the subpoena power of this Court or any other Court could be exercised.

### F.      The Requested Transferee Court's Familiarity with the Applicable Law

This factor does not favor either party because the issue of federal copyright law is one in which both courts are well versed. *AEC One Stop*, 326 F. Supp. 2d at 531.

### G.      Relevant Financial Means of the Parties

Defendants are certainly financially capable of litigating in the Southern District of New York as they have litigated and been litigated similar matters as the case at hand before. None of the Defendants reside in the state of Florida. The hardship to Defendants of litigating this matter in the Southern District of Florida would far outweigh the burden on them of having to litigate the matter in this judicial district.

### H.    Plaintiff's Choice of Forum

Transfer of venue statute does not defeat plaintiff's right to bring action in the forum of its choice, and courts ought to give due consideration to the plaintiff's choice of forum. *Cent. Sports Army Club v. Arena Assocs., Inc.*, 952 F. Supp. 181, 189 (S.D.N.Y. 1997). Defendants argue that Plaintiff engaged in "forum shopping." (Defs' Mot. Dismiss ¶ 15) "Forum shopping occurs when a litigant selects a forum with only a slight connection to the factual circumstances of his action, or where forum shopping alone motivated the choice." *Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 434 (S.D.N.Y. 2018). Indeed, this Court held in *Starr Indemnity* that Plaintiff's choice of forum in the Southern District of New York was entitled to considerable weight, so as to weigh against transfer of venue to the Southern District of Florida, when the lawsuit was connected to this judicial district. Here, for the reasons already discussed in the venue sections of this Opposition, Plaintiff has chosen this district because it has strong and substantial connections with the subject matter and Defendants. Absent any evidence of manipulative or deceptive behavior by Plaintiff, Plaintiff's choice of forum cannot be considered "forum shopping." *Id*. Instead, it should be given considerable weight in favor of not transferring case to the Southern District of Florida.

### III.    Trial Efficiency and General Interests of Justice

This factor should be considered neutral as an efficient trial could be had in either forum.

Nevertheless, the interests of justice favor not transferring the case to the Southern District of Florida due to the convenience of the parties and witnesses, and the locus of operative facts in connection with this judicial district. Plaintiff respectfully requests that this case remain and proceed in the Southern District of New York.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss for improper venue, or alternatively, to transfer venue should be denied in its entirety.

Dated:  May 17, 2019                             Respectfully submitted,


                                                 By:  _/s/ David Ludwig_____
                                                 David Ludwig (NY Bar No. 5546254)
                                                 Dunlap Bennett & Ludwig PLLC
                                                 31 W 34th St. #8030
                                                 New York, New York 10001
                                                 Telephone: (917) 338-1905
                                                 Facsimile: (703) 777-3656
                                                 dludwig@dbllawyers.com

                                                 *Attorney for Plaintiff James Brandon*

16

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 17th day of May, 2019, a copy of the foregoing

Plantiff's Amended Memorandum of Law in Opposition to Defendants' Motion to Dismiss for

Improper Venue, or in the Alternative, Transfer Venue was filed on the Court's Electronic Filing

System and therefore served upon the following:

Matthew S. Nelles
Florida Bar No. 009245
NELLES KOSTENCKI, PLLC
Corporate Center
110 E. Broward Blvd., Suite 670
Fort Lauderdale, FL 33301
Telephone: (954) 246-4800
Facsimile: (954) 246-4900
Email: mnelles@nklawflorida.com

Howard J. Shire
Pepper Hamilton LLP
The New York Times Building
620 Eighth Avenue , Ste 37th Floor
New York, NY 10018
Telephone: (212) 808-2700
Email: shireh@pepperlaw.com

*Attorneys for Defendants Spike Lee,*
*Forty Acres and a Mule Musicworks, Inc.,*
*and Twentieth Century Fox Corporation*

    /s/ David Ludwig
David Ludwig