IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JAMES M. BRANDON, Case No. 1:19-cv-01923-GHW

Plaintiff,

v.

NPG RECORDS, INC.; NPG MUSIC PUBLISHING, LLC; THE ESTATE OF PRINCE ROGERS NELSON; COMERICA BANK & TRUST, N.A.; SHELTON JACKSON LEE; FORTY ACRES AND A MULE MUSICWORKS, INC.; TWENTIETH CENTURY FOX FILM CORPORATION,

Defendants.

______________________________________________/

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF FLORIDA BASED ON FORUM NON CONVENIENS**

**Page(s)**

**TABLE OF CONTENTS**

Page

PLAINTIFF IS CONFLICTED ABOUT WHERE HE RESIDES AND WHERE THE EVENTS GIVING RISE TO HIS CLAIM OCCURRED ............ 1

PECULIAR PROCEDURAL BACKGROUND ............ 2

FOCUS ON TRANSFER BASED ON FORUM NON CONVENIENS ............ 3

ARGUMENT ............ 4

I. It is in the Public Interest to Transfer this Case to the Court Whose Order is at Issue. ............ 4

II. Transfer of this Case to the Southern District of Florida is Otherwise Warranted. ............ 6

A. Convenience of the Witnesses ............ 6

B. Convenience of The Parties ............ 7

C. Locus of Operative Facts ............ 7

D. Location of Documents and Other Evidence ............ 8

E. Witnesses within the Subpoena Power of This Court ............ 8

F. The Requested Transferee Court's Familiarity with the Applicable Law ............ 8

G. Relevant Financial Means of the Parties ............ 8

H. Plaintiff's Choice of Forum ............ 8

I. Trial Efficiency and General Interests of Justice ............ 9

CONCLUSION ............ 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Cent. Sports Army Club v. Arena Assocs., Inc.*, 952 F. Supp. 181 (S.D.N.Y. 1997)........................8

*Channel Four Television Co., Ltd. v. Wildmon*, No. 92 Civ. 2555(LMM), 1992 WL 395628 (S.D.N.Y., Dec. 16, 1992) ......................................................................4, 5

*In re Herald*, 540 Fed. App'x 19 (2d Cir. 2013)..............................................................6, 8

*Mountain West Mines, Inc. v. Cleveland-Cliffs Inc.*, No. 1:08–CV–01929, 2009 WL 10664229 (N.D. Ohio, Feb. 13, 2009)..................................................................5, 6

*Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48 (D.D.C. 2000)................................................5, 6, 7

*Tomchuck v. Union Trust Co.*, 875 F. Supp. 242 (S.D.N.Y. 1995) ..................................................4

**STATUTES**

*28 U.S.C. § 1391(b)* ..............................................................................................................2

*28 U.S.C. § 1400(a)* ..............................................................................................................3

*28 U.S.C. § 1404* ..............................................................................................................3, 4, 9

Defendants, SHELTON JACKSON "SPIKE" LEE ("Spike Lee"), FORTY ACRES AND A MULE MUSICWORKS, INC. ("Forty Acres Music") and TWENTIETH CENTURY FOX FILM CORPORATION ("Fox") reply as follows to Plaintiff, James Brandon's Amended Memorandum in Opposition to Defendants' Motion to Dismiss for Improper Venue, or, in the Alternative, to Transfer Venue ["Response," D.E. 67]:

**PLAINTIFF IS CONFLICTED ABOUT WHERE HE RESIDES AND WHERE THE EVENTS GIVING RISE TO HIS CLAIM OCCURRED**

Before addressing the substance of Plaintiff's Response, we point out several material inconsistencies that cast doubt on his credibility. First, Plaintiff apparently is unwilling to commit to where he resides. On the very same day that he filed a Response to the Motion to Dismiss and an Amended Complaint, and on the very next day when he filed an Amended Response to the Motion to Dismiss, Plaintiff asserts that he is a resident of Florida and then Maryland and then Florida again. *Compare* D.E. 64, p. 13 with D.E. 66 ¶ 8 with D.E. 67, p. 13.[1] He vehemently resists this case being venued in his apparent home state –Florida—preferring instead to litigate over 1000 miles away. Having received an adverse resolution to his case on the merits and a final judgment for attorneys' fees entered against him by the Honorable Kathleen Williams in Florida on virtually the identical claim of copyright infringement involving the exact same works, Plaintiff is now forum shopping in New York as he attempts to relitigate a case he already lost.

Moreover, in all four versions of the Complaint he filed in the Florida Case, Plaintiff alleged that a substantial part of the acts or omissions giving rise to his claim occurred in the Southern District of Florida. *See* FL-DE 1, ¶ 4; FL-DE 6, ¶ 4. FL-DE 79, ¶ 4; FL-DE 101, ¶ 4. Now that he is forum shopping in New York, Plaintiff attempts to retract his venue

[1] These procedural irregularities are discussed *infra*.

representations before the Florida court, claiming that the factual allegations made in each of those four pleadings constitute "an unintentional error." [D.E. 67 p. 11].

Plaintiff's Response sheds no new light on any evidence, proof, or witnesses that may now exist in New York, almost 25 years after the copyrighted work was supposedly copied, to establish New York as a more convenient forum to litigate this case. Because the facts giving rise to Plaintiff's claim occurred so long ago, it is difficult to determine where witnesses and evidence now reside, and therefore a far greater emphasis should be placed on the public interest factors, which Plaintiff's Response ignores, but which clearly favor transfer. Logic dictates that it would be eminently appropriate to transfer this case to the Florida court already familiar with it and whose Order is now front and center in Plaintiff's attempt to relitigate his prior lawsuit, which was dismissed by the Florida court.

**PECULIAR PROCEDURAL BACKGROUND**

The procedural background leading up to this Reply is peculiar. In his Complaint filed on March 1, 2019, Plaintiff alleged venue solely under 28 U.S.C. § 1391(b) on the basis that a "substantial part of the events or omissions giving rise to the claim occurred in this District." [D.E. 10 ¶ 7].[2] Accordingly, Defendants, in the subject Motion, sought to dismiss the case based on improper venue or, alternatively, to transfer the case to the Southern District of Florida based on forum non conveniens (D.E. 62, "Motion to Dismiss or Transfer").

As set forth in the Motion to Dismiss or Transfer, Plaintiff did not identify significant events material to his claim that occurred in New York, and, in any event, his contention that venue is proper under 28 U.S.C. § 1391(b) is inconsistent with, and judicially estopped, by his repeated representation to the Florida court (which he now disavows) that a substantial part of

[2] Although Plaintiff cited subsection (c), he did not state that there was no district in which his action may otherwise be brought, and, in any event, his citation to subsection (c) is inconsistent with his allegation that venue is proper under subsection (b).

the events giving rise to his claim occurred in the Southern District of Florida. Thus, venue under that statute is not proper in New York.

Plaintiff filed his Response to the Motion to Dismiss or Transfer on May 16, 2019. [D.E. 64]. For the first time, Plaintiff asserted that venue also lies in New York under 28 U.S.C. § 1400(a), which is applicable to copyright actions.[3] The same day, Plaintiff filed an Amended Complaint adding § 1400(a) as a basis for venue. [D.E. 67 ¶ 7]. The following day, May 17, 2019, Plaintiff filed an Amended Response to the subject Motion to Dismiss or Transfer, which apparently left unchanged his initial Response filed the previous day.

Because of the procedural irregularity of responding to a Motion to Dismiss with *both* an opposing memorandum of law *and* an amended complaint, the Court, on May 24, 2019, held a telephonic status conference with the parties. By introducing 28 U.S.C. § 1400(a) as a basis for venue and filing numerous documents purporting to support same, Plaintiff materially changed the substance of his venue position. Nonetheless, in the interest of avoiding a reset of the briefing schedule, the Court, upon the parties' agreement, applied the Motion to Dismiss or Transfer to the Amended Complaint and allowed Defendants, in their Reply, to address Plaintiff's new ground for venue.

**FOCUS ON TRANSFER BASED ON FORUM NON CONVENIENS**

As indicated above, Plaintiff, in his Response, injected into this case a new basis for venue that was previously not pled, namely, that because some of the Defendants may either "reside" or "be found" in New York, venue is proper here under 28 U.S.C. § 1400(a). Plaintiff has also filed numerous documents that he contends supports his new position on venue. Although venue in this District is not proper on any of the grounds Plaintiff argues, whether in the initial Complaint, the Amended Complaint, or the Response, at a minimum, transfer of this

[3] He repeatedly mis-cites the statute as 28 U.S.C. § 1404.

case under 28 U.S.C. § 1404 for forum non conveniens is clearly warranted. Therefore, now that Plaintiff has changed his position as to the basis for venue in New York, rather than debating the fact-intensive inquiries regarding proper or improper venue, this Reply will address primarily the key and straightforward remaining issues here- forum shopping and forum non conveniens.

## ARGUMENT

### I. It is in the Public Interest to Transfer this Case to the Court Whose Order is at Issue.

Because the facts giving rise to Plaintiff's claim occurred almost 25 years ago, it is difficult to predict where (and if) relevant third-party witnesses and evidence can now be found. Indeed, as discussed below, Plaintiff has not identified any witnesses or evidence that may be found in New York, relying instead on guess and conjecture. Thus, an analysis of the private interest factors for evaluating forum non conveniens, discussed below, which relies heavily on "convenience," is likely less probative than in cases involving current events where the identity and location of witnesses and evidence is generally known. This circumstance therefore places far greater emphasis on the *public interest* factors, including judicial economy, which clearly favor transfer.

As explained in the Motion to Dismiss/Transfer, when a transferee court is more familiar with the facts and issues in a case, courts in this district favor transfer because it is in the public interest. *See Tomchuck v. Union Trust Co.*, 875 F. Supp. 242, 243 (S.D.N.Y. 1995) (transferring case to Connecticut where court there was "intimately familiar with the transactions out of which this litigation occurred"); *Channel Four Television Co., Ltd. v. Wildmon*, No. 92 Civ. 2555(LMM), 1992 WL 395628, *3 (S.D.N.Y., Dec. 16, 1992) (transferring case to District Court of Mississippi, which "is as familiar, if not more familiar, with the instant action than this Court").

Especially where a transferee court has already adjudicated a case, courts are highly inclined to favor transfer. *See Mountain West Mines, Inc. v. Cleveland-Cliffs Inc*., No. 1:08–CV–01929, 2009 WL 10664229 at *3 (N.D. Ohio, Feb. 13, 2009) ("scales [were] easily tipped in favor of transfer" where Wyoming court "is in the best position to determine which claims or issues in the instant complaint are precluded by its own decision."); *Reiffin v. Microsoft Corp.,* 104 F. Supp. 2d 48, 57 (D.D.C. 2000).

As explained in the Motion, the Southern District of Florida has already adjudicated this case on the merits. Judge Williams: a) concluded that "phone sex" is a short, ordinary phrase not entitled to copyright protection (FL DE 121 at 10-12); b) rejected Plaintiff's argument that the 2014 application for supplemental copyright registration (the same supplemental registration at issue in this case) allowed him to state a claim for copyright infringement based on non-lyrical similarities between the Work and "Girl 6;" c) held that Plaintiff's "supplementary registration does not permit the Court to consider the [Third Amended Complaint's] allegations untethered from the only validly registered copyright alleged: the 1995 Registration" (FL DE 121 at 15); and d) concluded that there are no factual allegations suggesting that any of the moving defendants ever had an opportunity to access the Work thereby dooming Plaintiff's copyright infringement claim. (FL DE 121 at 16-17).

All of the foregoing issues were, after 22 months of litigation, conclusively determined by the Florida court, were not appealed by the Plaintiff and will be grounds for Defendants seeking dismissal of this case in its entirety based on collateral estoppel. Because Judge Williams has already expended substantial judicial labor adjudicating the merits of this case, judicial economy and the public interest strongly favor transfer of this case to the Southern District of Florida. *See Tomchuk, supra*, *Channel Four, supra*. Moreover, Plaintiff should not be

permitted to forum shop his case after it was already determined with finality elsewhere. *In re Herald*, 540 Fed. App'x 19 (2d Cir. 2013). ("[T]he more it appears that the plaintiff's choice of a U.S. forum was motivated by forum-shopping reasons…the less deference the plaintiff's choice commands and, consequently, the easier it becomes for the defendant to succeed on a *forum non conveniens* motion by showing that convenience would be better served by litigating in another [district].").

Tellingly, Plaintiff's Response does not mention the public interest factors and does not address any of the foregoing cases or rationale. Because res judicata and collateral estoppel figure very prominently into this case and the Florida court "is in the best position to determine which claims or issues in the instant complaint are precluded by its own decision," the public interest strongly favors transfer. *See Mountain West Mines, supra; Reiffin, supra.*

## II. Transfer of this Case to the Southern District of Florida is Otherwise Warranted.

Consideration of the private interest factors also supports transfer of this action to the Southern District of Florida.

### A. Convenience of the Witnesses

The acts of which Plaintiff complains transpired almost 25 years ago. It is clear from his Response that, apart from Clarence Lee (whose residence he does not identify), Plaintiff is unaware of the identity or location of his "key witnesses." He does not state where those "who assembled content and produced" the allegedly infringing song or motion picture can be found. Nor does Plaintiff identify where those "involved in marketing of the works" or "who entered into licensing agreements … with third parties" reside. While he describes broad categories of people such as "Forty Acre employees" and "Fox Film's local employees," Plaintiff does not specifically identify any witnesses or where they can be found, speculating only that "[t]hey are likely to live and work in the Southern District of New York." [D.E. 67 at 12]. Although stated

as a conclusion, Plaintiff has not cited any evidence nor otherwise shown that these unidentified witnesses would be inconvenienced if the case was transferred to Florida. [*Id.*] This factor does not weigh in favor of maintaining the case in New York, nor does it sway the pendulum away from the public interest factors.

B. **Convenience of The Parties**

The convenience of the parties clearly favors a transfer to the Southern District of Florida. Defendants will not be inconvenienced, or they would not be advocating for transfer. *Plaintiff admits in his Response that he is a Florida resident*. Thus, the Southern District of Florida is not an inconvenient forum for the parties.

C. **Locus of Operative Facts**

Plaintiff states that the development and production of the accused content are operative in a copyright case, yet he does not identify where those events took place. Notably, Plaintiff alleges that Song Girl 6 was created by Prince, who was then a Minnesota resident. [D.E. 67 p. 13]. But no evidence is provided to determine where Prince allegedly created the song. Plaintiff's assertion that Spike Lee and Forty Acres had access to his musical work because it was allegedly forwarded to their New York location is inconsistent with Judge Williams' ruling concerning access to the work in the Florida case, discussed above, and is also not supported by anything other than conjecture.

On the other hand, in his Amended Complaint, Plaintiff describes many events that involve himself, including that he managed GOMAB (D.E. 66 ¶ 14), was introduced to Clarence Lee (*Id*. ¶ 16), played a song for Clarence Lee (*Id*. ¶ 17), left the music demo with Clarence Lee (*Id*. ¶ 19); received a transfer of the all rights, title and interest to the music (*Id*. ¶ 27), recorded the assignment with the U.S. Copyright Office (*Id*. ¶ 28), and filed a Form CA with the U.S. Copyright Office (*Id*. ¶ 29) (which filing occurred while the Florida Case before Judge Williams

was pending), but does not allege that any of these events took place in New York. Plaintiff resides in Florida. Presumably these events, a "locus of operative facts," which all involve Plaintiff, occurred in his state of residence. That would certainly be consistent with his repeated allegation to the Florida court that a substantial part of the events giving rise to his claim occurred in the Southern District of Florida.

D. **Location of Documents and Other Evidence**

Plaintiff admits that he does not know where the operative documents from almost 25 years ago, if any remain, are located. He simply guesses, without any factual support, where they are "likely" to be located. As indicated above, these circumstances warrant deference to the public interest factors, ignored by Plaintiff.

E. **Witnesses within the Subpoena Power of This Court**

Plaintiff admits that no such witnesses have been identified.

F. **The Requested Transferee Court's Familiarity with the Applicable Law**

Plaintiff admits that this factor does not favor one court over another.

G. **Relevant Financial Means of the Parties**

Plaintiff's concern regarding Defendants' financial ability to litigate in the Southern District of Florida is without merit because they have already done so in Florida. In addition, Plaintiff represents that he is a Florida resident and does not have concerns regarding the cost of the litigation. This factor does not favor one district over another.

H. **Plaintiff's Choice of Forum**

Ordinarily, a plaintiff's choice of forum is given deference. *Cent. Sports Army Club v. Arena Assocs., Inc.*, 952 F. Supp. 181, 189 (S.D.N.Y. 1997). That should not be the case here, however, given Plaintiff's prior choice of other forums for virtually the same case and his blatant forum shopping. *See In re. Herald*, *supra*.

**I. Trial Efficiency and General Interests of Justice**

The Southern District of Florida has already adjudicated Plaintiff's case on the merits. Therefore, trial efficiency and general interests of justice favor transfer.

## CONCLUSION

After 22 months of litigation involving the same copyright, the same allegedly infringing work, and the same operative facts, the Florida district court decided the merits of this case in favor of the defendants. That Court is the most familiar with this case and judicial economy. The public interest, and principles against forum shopping strongly favor transfer of this case to the Southern District of Florida under 28 U.S.C. § 1404.

WHEREFORE, Defendants, SHELTON JACKSON "SPIKE" LEE, FORTY ACRES AND A MULE MUSICWORKS, INC. and TWENTIETH CENTURY FOX FILM CORPORATION, respectfully request that this Court transfer the case to the Southern District of Florida and award such other relief as this Court deems just and proper.

Respectfully submitted,

By: */s/ Matthew S. Nelles*
Matthew S. Nelles
Florida Bar No. 009245
mnelles@nklawflorida.com
NELLES KOSTENCKI, PLLC
Corporate Center
110 E. Broward Boulevard, Suite 670
Fort Lauderdale, FL 33301
Telephone: (954) 246-4800
Facsimile: (954) 246-4900

Howard J. Shire
Pepper Hamilton LLP
The New York Times Building
620 Eighth Avenue , Ste 37th Floor
New York, NY 10018
212-808-2700
Email: shireh@pepperlaw.com

*Attorneys for Defendants Spike Lee, Forty Acres and a Mule Musicworks, Inc., and Twentieth Century Fox Film Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 31st day of May, 2019, a copy of the foregoing was filed on the Court's Electronic Filing System and therefore served upon the following:
David Ludwig
Dunlap Bennett & Ludwig PLLC
31 W 34th St. #8030
New York, New York 10001

By: */s/Matthew S. Nelles*
Matthew S. Nelles