

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/02/20

211 Church Street SE
Leesburg, VA 20175
Phone: (703) 777-7319
Fax: (703) 777-3656
www.dbllawyers.com

December 30, 2019

Hon. Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10001-1312

**MEMORANDUM ENDORSED**

Re: *James Brandon v. NPG Records, Inc. et. al.* (Docket No. 1:19-cv-01923)

Dear Judge Woods:

The undersigned represents Plaintiff James Brandon in the above-referenced case. Plaintiff writes to request the Court to order Defendants Shelton Jackson "Spike" Lee and his companies, namely Forty Acres and A Mule Musicworks, Inc., and Forty Acres and A Mule Filmworks, Inc., (collectively, the "Lee Parties"), and Twentieth Century Fox Film Corporation ("Fox Film") to provide substantive responses to Plaintiff's jurisdictional discovery requests. Plaintiff also requests an extension of deadline to conduct jurisdictional discovery.

As your Honor will recall, Defendants Prince Rogers Nelson ("Prince") and his companies NPG Music Publishing, LLC and NPG Records, Inc. (collectively, the "Prince Parties") have asserted that this Court lacks personal jurisdiction over them, which necessitated an inquiry into whether the Prince Parties have directed their activities in New York, and whether Plaintiff's injuries in this litigation have arisen out of or relate to those activities.

In supporting Plaintiff's request to conduct jurisdiction discovery, Plaintiff emphasized the existence of business relationships between the Prince Parties and the Lee Parties, specifically with respect to performing, licensing, and/or distributing the infringing music Girl 6, as well as the high likelihood that any such contract between the Lee Parties and the Prince Parties regarding the Girl 6 music has a New York venue clause and/or was signed in the state of New York. Understanding the nature of this relationship provides important information about how the rights in Plaintiff's copyrighted work have been licensed and/or distributed to the Lee Parties and/or any third parties without Plaintiff's permission, and such information is crucial in proving Prince Parties' initial <u>and</u> subsequent infringing activities in this forum state. As such, information in control of and/or available to Lee Parties and Fox Film with respect to the Girl 6 music is relevant to the issue of personal jurisdiction over the Prince Parties.

On September 17, 2019, Plaintiff specifically noted in his request to conduct jurisdictional discovery, which this Court approved, that the discovery would be related to . . . "the relationship between the Prince Parties and the Lee Parties as it relates to the Girl 6 soundtrack (e.g., information as to where their meetings took places, contracts and communications between them), information about the licensing of the music Girl 6 for distribution in New York, and public performances of the music in New York." **Exhibit A**.

On October 16, 2019, Plaintiff served his jurisdictional discovery requests on the Lee Parties and Fox Film asking for the information that is consistent with the aforementioned. **Exhibit B**. The Lee Parties and Fox Film responded with only objections and no substantive responses whatsoever. **Exhibit C**. The Lee Parties and Fox Film have objected to every single request, primarily based on the statute of limitations. *Id.* However, perplexingly, the Lee Parties and Fox Film have even refused to produce responsive information and documentation *within* the three-year limitations period. They have simply refused to respond to any discovery request. *See* **Exhibits C and D**. In refusing to produce any responses, the Lee Parties and Fox Film object that any documents more than three years old are outside of the scope of discovery because of the statute of limitations on copyright infringement claims, production of any documents or information are burdensome to them, and that they did not allege lack of personal jurisdiction in this case so they should not be subject to jurisdictional discovery. These objections are inappropriate for the reasons set forth below.[1]

First, with respect to the alleged burdensomeness of the requests, Plaintiff's jurisdictional discovery requests were extremely narrowly tailored and focused on obtaining documents and information related to a particular musical work, Girl 6. While Plaintiff might had explored general jurisdiction and sought information related to all contacts between the Prince Parties and the forum, Plaintiff instead approached the jurisdictional issues as they relate to specific jurisdiction only, which resulted in very narrow and reasonable requests. In addition, the value of the information requested is probative to the jurisdictional issues before the Court, outweighing any minimal burden that may be imposed on the Lee Parties and Fox Film. Moreover, in response to Plaintiff's discovery requests, the Prince Parties have admitted that a meeting related to Girl 6 occurred between Shelton Jackson Lee and counsel for Prince Rogers Nelson and/or his entities on or about September 8, 1995. **Exhibit E**. The Prince Parties also produced documents in response to the requests, which corroborate that there was a meeting between the Lee Parties (based in New York) and a New York attorney who was representing the Prince Parties at that time. In discussions related to the Prince Parties' discovery responses, the Prince Parties stated that they cannot confirm that the location of this critical meeting was in New York, noting that this important information would be available from the Lee Parties. **Exhibit F**. Accordingly, even the Prince Parties appear to concede the importance and relevance of the Lee Parties' discovery responses.

Second, the mere fact that the Lee Parties and Fox Film have not asserted a lack of personal jurisdiction in this matter does not alleviate their discovery obligations in this matter.

---

[1] Indeed, if these objections were sustained, the Lee Parties and Fox Film could assert them again when the parties engage in discovery on the merits and again refuse to respond to a single discovery request, contrary to the applicable law and Federal Rules.

As referenced in the last paragraph of his September 17 Letter Motion, Plaintiff's counsel requested jurisdictional discovery that explicitly included serving discovery requests on *all* Defendants in this case, including Lee Parties and Fox Film, and issuing limited subpoenas to relevant third parties. *See* **Exhibit A**. The anticipated scope of Plaintiff's jurisdictional discovery was fully briefed and argued during the telephonic conference on October 2, 2019, and the request for jurisdictional discovery was subsequently approved by this Court. (Dkt. No. 108.) While the Lee Parties and Fox Film had ample opportunity to object to Plaintiff's jurisdictional discovery during that telephonic conference—and indeed did argue that they should not have to participate in jurisdictional discovery—the Court granted Plaintiff's motion over those objections. *Id.*

Lastly, the Lee Parties' and Fox Film's argument that the statute of limitations would bar Plaintiff's discovery requests *in their entirety* is equally meritless. Indeed, the Court already considered and rejected this argument during the October 2nd telephonic conference, which conclusion is supported by the controlling law of this Circuit. The Second Circuit has held that the expiration of the applicable statute of limitations merely limits damages and does not extinguish or affect any substantive rights. *Cloverleaf Realty of New York, Inc. v. Town of Wawayanda*, 572 F.3d 93, 95 (2d Cir. 2009) (citing ***Tanges v. Heidelberg N. Am., Inc.,*** 93 N.Y.2d 48, 687 N.Y.S.2d 604, 710 N.E.2d 250 (1999)). This Court has followed this holding in a copyright infringement action, holding that the statute of limitations under the Copyright Act extends only to remedies, and not to substantive rights, and that the right as a copyright owner to sue for infringement lasts as long as the copyright itself. *Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 252 (S.D.N.Y. 2000). Here, because Plaintiff's substantive rights to sue Defendants for copyright infringement have not been barred by statute of limitations at any point, the Lee Parties' and Fox Film's objection that the limitations period would bar Plaintiff's ability to obtain documents and information more than three years old is baseless.

Plaintiff's repeated and good faith efforts to resolve the issue amicably have unfortunately been unavailing, as the Lee Parties and Fox Film continue their refusal to produce a single document or interrogatory response. Under Rule 37(d)(1)(A)(ii) of the Federal Rules of Civil Procedure (the "FRCP"), the court may, on motion, order sanctions "if a party, after being property served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." Unless the party failing to act has a pending motion for protective order under Rule 26(c) of the FRCP, the failure under 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable. Because the Lee Parties and Fox Film failed to respond Plaintiff's discovery requests in violation of 37(d)(1)(A) and did not file any motion for protective order, Plaintiff hereby also requests an appropriate sanction for the Lee Parties' and Fox Film's refusal to answer or respond substantively. Plaintiff's good faith meet and confer certification under Rule 37(d)(1)(B) is attached hereto as **Exhibit G**.

Due to the length of time this case has already been pending at the pleadings stage, and the delays caused by the Lee Parties' and Fox Film's conduct, Plaintiff further respectfully requests that the Court order the Lee Parties and Fox Film to work expeditiously to supply Plaintiff all reasonably relevant documents for Plaintiff's review by January 31, 2020. Due to the Lee Parties' and Fox Film's failure to produce any responses as discussed above, Plaintiff also requests that the Court extend the deadline for the conclusion of jurisdictional discovery to

February 20, 2020. The original deadline for the conclusion of jurisdictional discovery is January 3, 2020. Plaintiff has not previously requested an extension of this deadline. The Prince Parties do not object to an extension of the jurisdictional discovery period, the Lee Parties and Fox Film oppose this request.

Sincerely,

/s/ David Ludwig

David Ludwig
Hyung Gyu Sun

cc: All Counsel of Record (via ECF)

Application denied without prejudice. Counsel may renew his request in accordance with the procedures to request a pre-motion conference concerning discovery as set forth in the Court's Individual Rules of Practice in Civil Cases 2.C.ii.

SO ORDERED.

Dated: January 2, 2020
New York, New York

GREGORY H. WOODS
United States District Judge