USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/20/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JAMES M. BRANDON,                                 :
                                                  :
                                    Plaintiff,    :
                                                  :          1:19-cv-01923-GHW
                    -against-                     :
                                                  :          ORDER
NPG RECORDS, INC., NPG MUSIC                      :
PUBLISHING, LLC, THE ESTATE OF PRINCE             :
ROGERS NELSON, COMERICA BANK &                    :
TRUST, N.A., SHELTON JACKSON LEE,                 :
FORTY ACRES AND A MULE MUSICWORKS,                :
INC., TWENTIETH CENTURY FOW FILM                  :
CORPORATION,                                      :
                                                  :
                                    Defendants.   :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

The Court will rule on the motions to seal pending at docket numbers 145, 151, 153, and 154 concurrently with the motion to dismiss pending at docket number 141.

The parties are reminded that there is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). Therefore, motions to seal documents must be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures*, 21 F.3d 24, 27 (2d Cir. 1994). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

Under the parties' protective order, the parties have agreed to designate certain materials as

"Confidential." Dkt. No. 118. This self-designation, however, is not binding on the Court. *Id.* ¶ 10 ("This Order binds the Parties and certain others to treat as Confidential or Outside Counsel's Eyes Only any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Outside Counsel's Eyes Only hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential or Outside Counsel's Eyes Only.") Indeed, "protective orders in discovery may be more freely issued, so as to prevent discovery from being used as a club by threatening disclosure of matter which will never be used at trial." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015) (internal citation and quotation marks omitted). Therefore, a "Confidential" designation made pursuant to a protective order does not by itself overcome the presumption of public access once the document containing the designation becomes a judicial document. *Id.*

>   As stated in the protective order:
>
>   In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents.

Dkt. No. 118, ¶ 11. If the parties wish to file supplemental briefing to give the Court more information with which to evaluate the motions to seal, they are directed to do so by no later than March 27, 2020.

SO ORDERED.

Dated: March 20, 2020

                                                               GREGORY H. WOODS
                                                               United States District Judge